12-2965-cv
Gannon v. NYSA-ILA Pension Trust Fund & Plan

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand thirteen.

PRESENT: JOHN M. WALKER, JR.,
         DENNY CHIN,
                  Circuit Judges,
         JANE A. RESTANI,
                  Judge.[*]

- - - - - - - - - - - - - - - - - - - - - - - -x

SUSAN H. GANNON, in her individual capacity
as Plan beneficiary and on behalf of all
others similarly situated, SUSAN H. GANNON,
as Executor of the Estate of Richard
Gannon,

                  Plaintiff-Appellant,

        -v-                                    12-2965-cv

NYSA-ILA PENSION TRUST FUND AND PLAN,
FRANK M. MCDONOUGH, personally and in his
capacity as a Member of the Board of
Trustees of the NYSA-ILA Pension Trust
Fund and Plan, ANTHONY PETRIZZO,
personally and in his capacity as a
Member of the Board of Trustees of the
NYSA-ILA Pension Trust Fund and Plan,

---

[*] The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

MAURICE C. BYAN, personally and in his capacity as a Member of the Board of Trustees of the NYSA-ILA Pension Trust Fund and Plan, JOSEPH CURTO, personally and in his capacity as a Member of the Board of Trustees of the NYSA-ILA Pension Trust Fund and Plan, JOHN BOWERS, personally and in his capacity as a Member of the Board of Trustees of the NYSA-ILA Pension Trust Fund and Plan, ALBERT CERNADAS, personally and in his capacity as a Member of the Board of Trustees of the NYSA-ILA Pension Trust Fund and Plan, STEPHEN KNOTT, personally and in his capacity as a Member of the Board of Trustees of the NYSA-ILA Pension Trust Fund and Plan,

<div align="center">Defendants-Appellees.[**]</div>

- - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:    EDGAR PAUK, Brooklyn, New York (Robert Bach, New York, New York, on the brief).

FOR DEFENDANTS-APPELLEES:    JAMES R. CAMPBELL (Donato Caruso, on the brief), The Lambos Firm, LLP, Tarrytown, New York, and Kevin J. Marrinan and John P. Sheridan, Marrinan & Mazzola Mardon, P.C., New York, New York, on the brief.

Appeal from the United States District Court for the Southern District of New York (Forrest, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

---

[**]    The Clerk of the Court is directed to amend the official caption to conform to the above.

Plaintiff-appellant Susan H. Gannon[1] appeals from the judgment entered June 27, 2012, pursuant to the district court's June 25, 2012 memorandum and order dismissing appellant's first cause of action under § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), but awarding damages on her second cause of action under ERISA § 502(a)(1)(A), (c)(1)(B).  See 29 U.S.C. § 1132(a)(1), (c)(1)(B).  Defendants-appellees NYSA-ILA Pension Trust Fund and Plan and its Board of Trustees (collectively, the "Fund") have not appealed the award of damages and thus the only issue before us is the dismissal of appellant's first cause of action.  We assume the parties' familiarity with the facts, procedural history, and specification of issues for review.

This case involves the interpretation of the following provisions of the 2002 NYSA-ILA Pension Plan (the "Plan").  Article III, section 1 provides two ways for an employee to become eligible for a "Service Retirement Pension":  by completing twenty-five consecutive years of service (the "consecutive 25 provision"), or by completing twenty-five years of service over a thirty-five year period with the final five years being consecutive (the "25 out of 35 provision").

---

[1]     Mrs. Gannon was substituted as party plaintiff for her late husband Richard Gannon.

Meanwhile, section 4 sets out two break-in-service rules applicable to all pension benefits. One rule, applicable prior to January 1, 1976, caused a Plan participant to forfeit for both vesting and accrual purposes any unvested years earned prior to a break-in-service lasting more than two years (the "three-year rule" or the "pre-ERISA break-in-service provision"). The second rule, effective on January 1, 1976, caused a participant to forfeit unvested pre-break years of service only if he experienced a break-in-service equal to his total years of prior service (the "parity rule" or "post-ERISA break-in-service provision"). Following lengthy litigation in McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund, No. 99 Civ. 9054, 2004 WL 2050166 (S.D.N.Y. Aug. 6, 2004) (hereinafter "McDonald IV"), aff'd, 450 F.3d 91 (2d Cir. 2006) (per curiam) (hereinafter "McDonald VI"), the Fund amended the pre-ERISA break-in-service provision so that, prior to 1976, the three-year rule applied only for vesting purposes and the parity rule applied for accrual purposes, unless the three-year rule provided a greater benefit.

Here, Richard Gannon was eligible for a pension under the consecutive 25 provision because he worked thirty-one consecutive years from 1979 to 2009. Pursuant to the parity rule, however, the five years he worked from 1969 to 1973 were

- 4 -

excluded from his accrued benefit because he had a five-year break-in-service from 1974 to 1978.  Appellant argues that the Fund should have applied the 25 out of 35 provision for accrual purposes instead of the consecutive 25 provision, because under McDonald, the 25 out of 35 provision trumped all break-in-service rules.

Reviewing the district court's preclusion analysis de novo, see Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 919 (2d Cir. 2010), we agree with the district court that McDonald did not require the Fund to adopt Gannon's proposed interpretation of the 25 out of 35 provision.  Therefore, we affirm for substantially the reasons set out in its thorough and well-reasoned thirty-page opinion.  We add the following only to address appellant's arguments that certain aspects of the district court's reasoning were erroneous.

First, appellant argues that the district court erred in applying a deferential standard of review.  Because the Plan grants the Board of Trustees "sole and absolute discretionary authority" to interpret the Plan, Plan art. IX, § 19, the district court should ordinarily review the Fund's interpretations of the Plan under an arbitrary and capricious standard of review.  See Novella v. Westchester Cnty., 661 F.3d 128, 140 (2d Cir. 2011).  Appellant argues that this standard

- 5 -

should not apply because the Fund never actually offered an "interpretation" of the 25 out of 35 provision. In its motion to stay in the district court, the Fund represented that it had never considered appellant's proposed interpretation because appellant had never presented it during the administrative review. In any event, the Fund, by excluding Richard Gannon's pre-break service years pursuant to the parity rule, implicitly applied an interpretation of the Plan that rejected appellant's construction of the 25 out of 35 provision. Because the Fund's interpretation is reasonable and not arbitrary or capricious, the district court properly afforded it deference.

Second, appellant argues that granting summary judgment was improper without permitting discovery into the consistency of the Fund's interpretation. Appellant agreed below, however, that the facts were undisputed and that the case turned on a single legal question: the proper interpretation of the Plan.[2] The district court need only consider "evidence of how the Plan language has been interpreted by the Plan

_____

[2] Moreover, appellant did not allege in the complaint that the Fund interpreted the 25 out of 35 provision inconsistently. To the contrary, the claim was pled as a putative class action, alleging that the way the Fund applied the parity rule to Richard Gannon was typical of the way it applied the rule to "no less than 100" similarly situated workers. Class Action Compl. ¶ 53(a), Gannon v. NYSA-ILA Pension Trust Fund & Plan, No. 09 Civ. 10368, 2012 WL 2505600 (S.D.N.Y. June 25, 2012), ECF No. 1.

- 6 -

administrators in the past" if "the Plan language is not, by itself, clear and unambiguous."  I.V. Servs. of Am., Inc. v. Trs. of Am. Consulting Eng'rs Council Ins. Trust Fund, 136 F.3d 114, 120 (2d Cir. 1998).  We agree with the district court that the Plan clearly and unambiguously provides that the break-in-service rules "apply for purposes of all pension benefits."  Plan art. III, § 4(a) (emphasis added).  Thus, the district court could grant summary judgment without considering evidence of the consistency of the Fund's interpretation.  Cf. Gallo v. Madera, 136 F.3d 326, 330-31 (2d Cir. 1998) (concluding that an interpretation contrary to the Plan's clear language was arbitrary and capricious despite evidence that the trustees' consistently interpreted the Plan in that manner).

We have considered appellant's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

<div style="margin-left:50%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>